Filed        22-CI-00666        06/20/2022        Brandi Duvall, Warren Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2022 01:20:36 PM
90779

CASE NO.                                                    WARREN COUNTY CIRCUIT COURT
                                                                              DIVISION_____
                                                                                    JUDGE_____

ESTHER KEEHN                                                                                                         PLAINTIFF

v.                                                        **COMPLAINT**

CLASSIC BOWLING GREEN, LLC
10724 Pineville Road
Pineville, NC 28134

        **SERVE:**     Charles E. Jones
                                    315 High Street
                                    Frankfort, KY 40601

and

MILLS AUTOMOTIVE GROUP, LLC
10724 Pineville Road
Pineville, NC 28134

        **SERVE:**     Damian Mills
                                    10724 Pineville Road
                                    Pineville, NC 28134

        **VIA:**        Kentucky Secretary of State                      DEFENDANTS

\* \* \* \* \* \* \*

        Plaintiff Esther Keehn, for her Complaint against Defendants Classic Bowling Green, LLC and Mills Automotive Group, LLC states as follows:

**PARTIES**

        1.     Plaintiff Esther Keehn ("Keehn") is an individual who resides in Logan County, Kentucky.

        2.     Defendant Classic Bowling Green, LLC ("CBG") is a limited liability company organized under the laws of the state of North Carolina.

**EXHIBIT A**

Filed        22-CI-00666        06/20/2022        Brandi Duvall, Warren Circuit Clerk

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000001 of 000005

3. Defendant Mills Automotive Group, LLC ("Mills") is a limited liability company organized under the laws of the state of North Carolina.

4. At all times relevant herein, Keehn was employed by CBG and Mills at their dealership in Bowling Green, Kentucky.

5. At all times relevant herein, CBG and Mills were continuously doing business in the Commonwealth of Kentucky and have continuously had at least eight employees.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction over this action exists under Section 112 of the Kentucky Constitution because the amount in controversy, excluding interest, costs, and attorney's fees, exceeds the jurisdictional prerequisites of this Court. The action is also specifically authorized by KRS Chapter 344.

7. Venue is proper in the Warren Circuit Court because CBG and Mills conduct business in Warren County, Kentucky and the actions giving rise to this complaint occurred in Warren County, Kentucky.

## FACTS

8. Keehn was employed by Defendants at their Bowling Green dealership beginning in June 2021.

9. During her employment, certain coworkers made unwanted and sexually derogatory remarks about Keehn, including:

    a. Accusing her of sleeping with her boss to get a promotion

    b. Sending a sexually explicit letter and drawing

    c. Accusing her of engaging in sex acts with customers in order to procure sales.

10.  Management at both CBG and Mills were aware of the conduct to which Keehn was subjected.

11.  Neither CBG nor Mills took any steps to protect Keehn from harassing conduct from her coworkers.

12.  On February 21, 2022, Defendants hired Robert Ogust as General Manager for the Bowling Green dealership.

13.  Beginning with his first day on the job, Ogust ogled Keehn and made comments about Keehn's body. He also pressured her to connect with him via social media.

14.  Ogust told Keehn that it was common for "girls in this business" to get promoted if they slept with the General Manager.

15.  Ogust "joked" that he'd installed hidden cameras in the women's bathroom.

16.  Other employees noticed Ogust's behavior toward Keehn and warned her that he wanted to have sex with her.

17.  Keehn did not acquiesce to Ogust's advances.

18.  As a result, Ogust threatened to withhold Keehn's pay and reversed two of her custom sales.

19.  On February 23, 2022, Keehn reported Ogust's conduct to CBG and Mills.

20.  Neither CBG nor Mills took any action to protect Keehn from Ogust's harassment and retaliation.

21.  As a result of the unabated harassment, Keehn feared for her safety and was unable to continue performing her job duties.

22.  On March 25, 2022, Keehn resigned.

## COUNT I: SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT
*KENTUCKY CIVIL RIGHTS ACT*
KRS § 344.010 *et. seq.*

23.  CBG and Mills are employers as defined in KRS § 344.030.

24.  Keehn belongs to a protected group as she is female.

25.  Keehn was subjected to unwelcome harassment on the basis of her sex while employed by Defendants.

26.  The harassment affected the terms, conditions, or privileges of Keehn's employment.

27.  Defendants knew or should have known about the harassment, yet failed to take action to protect Keehn.

28.  As a direct and proximate result of Defendants' unlawful actions, Keehn has suffered damages in excess of the jurisdictional minimums of this Court.

## COUNT II:
## CONSTRUCTIVE DISCHARGE

29.  The conditions under which Keehn was working were so intolerable that a reasonable person would feel compelled to resign.

30.  The conditions created by Defendants did cause Keehn to feel compelled to resign.

31.  As a direct and proximate result of Defendants' unlawful actions, Keehn has suffered damages in excess of the jurisdictional minimums of this Court.

**WHEREFORE**, based on the foregoing, Esther Keehn, demands as follows:

1. Judgment awarding compensatory damages, which include, but are not limited to, lost wages, lost employment benefits, pain and suffering, emotional distress, humiliation,

Filed          22-CI-00666    06/20/2022        Brandi Duvall, Warren Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2022 01:20:36 PM
90779

damage to reputation/character, embarrassment, mental anguish, past, present and future;

2. Punitive damages in an amount sufficient to punish Defendant's for their willful, wanton, oppressive, fraudulent, malicious and/or grossly negligent conduct;

3. Trial by jury;

4. Her costs expended herein and reasonable attorney fees; and

5. Any and all other relief to which she may be entitled.

Respectfully submitted,

/s/ *Laura E. Landenwich*

LAURA E. LANDENWICH, #92109
CANDACE L. CURTIS, #92790
ADAMS ALNDENWICH WALTON, PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Phone: (502) 561-0085
Fax:    (502) 415-7505
laura@justiceky.com
*Counsel for Plaintiff Esther Keehn*

Filed          22-CI-00666    06/20/2022      5  Brandi Duvall, Warren Circuit Clerk

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000005 of 000005

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>07/12/2022<br>90750<br>Case #: **22-CI-00666**<br>Court: **CIRCUIT**<br>County: **WARREN** |

*Plantiff,* **KEEHN, ESTHER VS. CLASSIC BOWLING GREEN, LLC ET AL**, *Defendant*

TO:   **CHARLES E JONES**
      **315 HIGH STREET**
      **FRANKFORT, KY 40601**

Memo: Related party is CLASSIC BOWLING GREEN, LLC

The Commonwealth of Kentucky to Defendant:
**CLASSIC BOWLING GREEN, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Brandi Duvall, Warren
Circuit Clerk
Date: **6/20/2022**

Presiding Judge: HON. JOHN R. GRISE (608217)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00000398958
CIRCUIT: 22-CI-00666 Certified Mail
KEEHN, ESTHER VS. CLASSIC BOWLING GREEN, LLC ET AL



Page 1 of 1

eFiled

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice      *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>07/12/2022 04:26:54 PM<br>90750<br>Case #: **22-CI-00666**<br>Court: **CIRCUIT**<br>County: **WARREN** |

*Plantiff,* **KEEHN, ESTHER VS. CLASSIC BOWLING GREEN, LLC ET AL**, *Defendant*

TO:   **DAMIAN MILLS**
         **10724 PINEVILLE ROAD**
         **PINEVILLE, NC 28134**

Memo: Related party is MILLS AUTOMOTIVE GROUP, LLC

The Commonwealth of Kentucky to Defendant:
**MILLS AUTOMOTIVE GROUP, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                              /s/ Brandi Duvall, Warren
                              Circuit Clerk
                              Date: **6/20/2022**

Presiding Judge: HON. JOHN R. GRISE (608217)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____        _____
                                        Served By

                                        _____
                                        Title

Summons ID: @00000398959
CIRCUIT: 22-CI-00666 Long Arm Statute – SOS - Restricted Delivery
KEEHN, ESTHER VS. CLASSIC BOWLING GREEN, LLC ET AL



Page 1 of 1

eFiled

CI : 000001 of 000001

Filed            22-CI-00666      06/21/2022         Brandi Duvall, Warren Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2022 01:21:14 PM
90779

CASE NO. 22-CI-00666 　　　　　　　　　　　　　WARREN COUNTY CIRCUIT COURT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DIVISION II
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. GRISE


ESTHER KEEHN 　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v. 　　　　　　　　　　　　**ENTRY OF APPEARANCE**

CLASSIC BOWLING GREEN, LLC, et al. 　　　　　　　　　　　　　　　　　DEFENDANTS

　　　　　　　　　　　　　　　　　＊ ＊ ＊ ＊ ＊ ＊ ＊

　　Please take notice that the undersigned hereby enters her appearance as co-counsel of record for the Plaintiff in the above-referenced matter.


　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　/s/ *Candace L. Curtis*
　　　　　　　　　　　　　　　　　　LAURA E. LANDENWICH, #92109
　　　　　　　　　　　　　　　　　　CANDACE L. CURTIS, #92790
　　　　　　　　　　　　　　　　　　ADAMS LANDENWICH WALTON, PLLC
　　　　　　　　　　　　　　　　　　517 West Ormsby Avenue
　　　　　　　　　　　　　　　　　　Louisville, KY  40203
　　　　　　　　　　　　　　　　　　Phone: (502) 561-0085
　　　　　　　　　　　　　　　　　　Fax:    (502) 415-7505
　　　　　　　　　　　　　　　　　　laura@justiceky.com
　　　　　　　　　　　　　　　　　　candace@justiceky.com
　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Esther Keehn*

Filed            22-CI-00666      06/21/2022         Brandi Duvall, Warren Circuit Clerk

EA : 000001 of 000001

Filed            22-CI-00666   06/27/2022           Brandi Duvall, Warren Circuit Clerk

NOT ORIGINAL DOCUMENT
07/12/2022 01:21:20 PM
90779

UNITED STATES POSTAL SERVICE

Date Produced: 06/27/2022

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8380 0630 13. Our records indicate that this item was delivered on 06/23/2022 at 09:34 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:    C3502123.20577612

Filed            22-CI-00666   06/27/2022           Brandi Duvall, Warren Circuit Clerk

AOS : 000001 of 000001

NO. 22-CI-00666                                              WARREN CIRCUIT COURT
DIVISION II
JUDGE JOHN R. GRISE

*Electronically Filed*

ESTHER KEEHN                                             PLAINTIFF

V.

CLASSIC BOWLING GREEN, LLC and
MILLS AUTOMOTIVE GROUP, LLC                        DEFENDANTS

### DEFENDANTS CLASSIC BOWLING GREEN, LLC AND MILLS AUTOMOTIVE GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND

Come now the Defendants, Classic Bowling Green, LLC and Mills Automotive Group, LLC (hereinafter "Defendant"), by counsel, and hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint, and state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim or claims against Defendants in which relief can be granted.

### SECOND DEFENSE

As to the numbered paragraphs in Plaintiff's Complaint:

1. Upon information and belief, Defendants admit the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint

4. In response to paragraph 4 of Plaintiff's Complaint, Defendants admit that Plaintiff, from time to time, has been an employee of CBG, however, Defendants deny and/or deny for want of knowledge the balance of allegations contained in paragraph 4 of Plaintiff's Complaint.

5. In response to paragraph 5 of Plaintiff's Complaint, Defendants admit that Classic Bowling Green, LLC has been doing business in the Commonwealth of Kentucky since approximately November 30, 2020. Defendants deny the balance of allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. In response to paragraph 8 of Plaintiff's Complaint, Defendants admit that Esther Keehn had an employment relationship with Classic Bowling Green, LLC at its Bowling Green dealership beginning on or about June 2021. Defendants deny the balance of allegations contained within paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendants admit that, in or about February, 2022, Robert Ogust worked as the General Manger for Classic Bowling Green, LLC's Bowling Green dealership. Defendants deny the balance of allegations contained within paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny for want of knowledge the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. In response to paragraph 17 of Plaintiff's complaint, Defendants admit that it is unaware of any sexual relationship between Ogust and Keehn. Defendants deny for want of knowledge the balance of allegations contained in paragraph 17 of Plaintiff's complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendants admit that, on or about March 25, 2022, Plaintiff voluntarily resigned from Classic Bowling Green, LLC. Defendants deny for want of knowledge the balance of allegations contained within paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Paragraph 24 of Plaintiff's Complaint requires a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Keehn is a woman who has certain statutory protections, however, Defendants deny and/or deny for want of knowledge the balance of allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in paragraph31 of Plaintiff's Complaint.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent that she has failed to satisfy and/or exhaust any and all administrative, jurisdictional, procedural, or statutory prerequisites to the filing of this action.

### FOURTH DEFENSE

Subject to what discovery may reveal, Defendants reserve the right to assert that Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all personnel actions taken with respect to the Plaintiff by Defendants, if any, were for legitimate, non-discriminatory and/or non-retaliatory reasons.

### SIXTH DEFENSE

Plaintiff's claims fail as a matter of law because she unreasonably failed to take advantage of any employment policies, reporting procedures, or other preventative or corrective measures provided by the Defendants' Company or to otherwise avoid the harm of which she now complains.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff engaged in conduct which violates company policies and/or the duties and expectations of her job position, which provides a legitimate and non-discriminatory basis for any disciplinary actions taken against Plaintiff.

## EIGHTH DEFENSE

Subject to what discovery may reveal, the Defendants assert all affirmative defenses available to it under the Kentucky Civil Rights Act, KRS Chapter 344.

## NINTH DEFENSE

Plaintiff's claims fail in whole or in part because any alleged acts or failures of Defendants were not the proximate cause of Plaintiff's alleged damages.

## TENTH DEFENSE

To the extent evidence establishes that the damages alleged by Plaintiff were caused and brought about by any failure to mitigate her damages, Defendants reserve the right to rely upon that failure to mitigate to reduce the amount of Plaintiff's alleged damage, if any.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the provisions of KRS § 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

## TWELTH DEFENSE

Plaintiff is not entitled to recover punitive damages as such damages are not available under the applicable provisions of KRS Chapter 344.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages from Defendants under KRS §411.184(3).

**FOURTEENTH DEFENSE**

Subject to what discovery may reveal, Plaintiff's claims are barred by the doctrines of waiver, fraud, misrepresentation, estoppel, laches, and unclean hands.

**FIFTEENTH DEFENSE**

Defendants affirmatively plead any and all available defenses contained within Kentucky Civil Rules 8 and 12 not specifically mentioned herein, and asserts same as if fully rewritten and incorporated herein.

**SIXTEENTH DEFENSE**

This Defendants reserve the right to assert additional affirmative defenses as may be found applicable during the course of discovery.

WHEREFORE, Defendants Classic Bowling Green, LLC and Mills Automotive Group, LLC having fully answered the Complaint, hereby respectfully demand the following relief:

1. That Plaintiff's Complaint be dismissed, with prejudice; or

2. For a jury trial of all issues so triable; and

3. For recovery of their costs and expenses expended herein; and

4. For any and all other relief to which they may be entitled.

Respectfully submitted,

Reminger Co., L.P.A.

*/s/ B. Scott Jones*
B. Scott Jones, Esq.
730 West Main Street, Suite 300
Louisville, KY 40202
Telephone:   (502) 584-1310
Facsimile:    (502) 589-5436
Email: sjones@reminger.com
***Counsel for Defendants Classic Bowling Green, LLC and Mills Automotive Group, LLC.***

## JURY DEMAND

Defendants hereby demands a trial by jury on all issues relating to this matter.

                                              */s/ B. Scott Jones*  
                                              B. Scott Jones

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed electronically on this the 12th day of July, and a notice of electronic filing will be sent to all counsel of record filing herein.

                                              */s/ B. Scott Jones*  
                                              B. Scott Jones